UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION



**KELLY KNIGHT**
Petitioner

v.

**A12CV0178 LY**

**INTERNAL REVUENUE SERVICE,**
**Randall Mooney, Special Agent**
Respondents

# PETITION TO QUASH
# NON-JUDICIAL I.R.S. SUMMONS

  COMES NOW Petitioner Kelly Knight, by her present attorney Ben Florey, and files this petition pursuant to 26 U.S.C. § 7609 (b) (2) to Quash the Administrative Summons Form 2039 attached as <u>Exhibit A</u>, which seeks to obtain information from a third party, CPA Mikella Maughan, in the way of testimony, books, records, papers, documents, files, work papers, correspondence, notes, memos, correspondence, and data protected from disclosure as Attorney Client Privilege and Work Product.

## POINTS AND AUTHORITIES

1. <u>RIGHT TO INTERVENE; RIGHT TO PROCEEDING TO QUASH</u>

  **IRC § 7609(b):**

  **(b) Right to Intervene Right to Proceeding to Quash.--**

  (l) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

  (2) Proceeding to quash.--
    (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to

Legal Petition to Quash Non-Judicial Administrative Summons

begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
(B) requirement of notice of person summoned and to secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20 day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a) (1).
(C) Intervention etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

**(c) Summons to Which Section Applies.--**

(1) In general.--
Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (2) of section 7602(a) or under section 6420(e)(2), 6421(g)(2), or 6427(j)(2) and requires the production of records.
(2) Exceptions.-
A summons shall not be treated as described in this subsection if-
 (A) it is solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in subsection (a)(3)(A), or
 (B) it is in aid of the collection of--
  (i) the liability of any person against whom an assessment has been made or judgment rendered, or
  (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

**(d) Restriction of Examination of Records--**
No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made
 (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
 (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

The summons in the instant case, Exhibit A, was purportedly issued and served under authority of the Internal Revenue Code. The summons was issued February 6, 2012, and ordered a time and place for appearance at 12301 Research Blvd, Austin Texas

on March 2, 2012.

According to the Supreme Court, the summons is without force of law unless the Secretary seeks to compel compliance with the summons.
 **"If the Secretary or his delegate wishes to enforce the summons, he must proceed under § 7402 ( b)."** [*Reisman v. Caplin,* 375 U.S.C. 440, 445].

No order has emanated from a competent Court and petitioner has not granted his permission for the examination of any records that pertain to him or any other party. This position is supported by the United States Supreme Court when they said:

> An individual may be under no obligation to do a particular thing, and his failure to act creates no liability but if he voluntarily attempts to act and do a particular thing, he comes under an implied obligation in respect to the manner in which he does it. [*Guardian T & D Co. v. Fisher*, 26 S. Ct. 186 @ 188 (1986)]

Petitioner does not wish to volunteer to do an act that is not shown to be required, nor does he wish to waive any of his constitutionally secured and guaranteed Rights as a Citizen of the United States of America.

2. **ENFORCEMENT OF SUMMONS**

Internal Revenue Code § 7604 reads in pertinent part:
 **(a) Jurisdiction of district court.**

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

And Section 7402 states:
 **§ 7402. Jurisdiction of district courts**
 **...(b) To enforce summons**
 If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

Sections 7604 and 7602 show that the authority to enforce the summons resides only with the District Court, not with the IRS office, and can only be obtained by appropriate process. This is true, even if it was issued under proper procedures, therefore, it would still have no force of law and could only be enforced by "appropriate process" of Court.

3.   ATTORNEY-CLIENT PRIVILEDGE AND WORK PRODUCT IMMUNITY

The matters requested in the summons are exempt from summons, subpoena and disclosure in this criminal investigation because they are attorney client privilege and work product.

Petitioner engaged the services of Attorney Fred Walker for the purpose of obtaining legal advice concerning tax liability and bankruptcy. Attorney Walker utilized the services of CPA Mikella Maughan as his agent for the purpose of assisting with the provision of that legal advice in anticipation of tax and bankruptcy litigation.

Petitioner provided confidential communication and documentation to CPA Maughan to assist Attorney Walker in providing that legal advice.

Said confidential communication and documentation further resulted in attorney work product for Attorney Walker to provide that legal advice and prepare for litigation.

An enforcement of the application of this summons to the Attorney-Client Privilege and Work Product as set out herein violates the Petitioner's attorney client privilege and work product immunity under common law as recognized in Federal Rules of Evidence Rules 501 and 502 and are protected under Rule 26 of the Federal Rules of Civil Procedure as well as the 4th, 5th, and 6th Amendments to the United States Constitution.

WHEREFORE, PREMISES CONSICERED, the summons should be quashed as to the matters requested as they are attorney client privilege and work product immunity and for the fact that the conditions of IRC § 7609 and other code sections have not been met.

So stated and affirmed by and,

Respectfully submitted.

_____
Ben Florey
SBN 07169500

Florey Law Offices
1800 Guadalupe Street
Austin, Texas 78701
Phone 512/479-8600
Fax    512/479-6035

Received Fax :      Feb 06 2012 4:50PM      Fax Station :   Law Offices of Ben Florey           p. 3
Case 1:12-cv-00178-LY   Document 1   Filed 02/24/12   Page 5 of 6
02/06/2012 05:30 FAX   464 3038                                           ☒003/003

Exhibit A



# Summons

In the matter of ___ JERRY W. KNIGHT, 2909 Maravillas Loop, Austin, Texas 78735
Internal Revenue Service (Division): Criminal Investigation
Industry/Area (name or number): San Antonio Field Office
Periods: Calendar Years 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009

### The Commissioner of Internal Revenue

To: MIKELLA MAUGHAN, CPA
At: 3355 Bee Cave Road, Suite 510, Austin, Texas 78746

You are hereby summoned and required to appear before Special Agent Randall Mooney or designee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal revenue laws concerning the person identified above for the periods shown.

All books, records, documents, files, workpapers, correspondence, notes, and memos relating to KELLY BARNHILL KNIGHT that were created or acquired in relation to any federal tax matter involving KELLY BARNHILL KNIGHT.

Includes any and all correspondence to or from KELLY BARNHILL KNIGHT in paper or electronic forms (email).

**Do not write in this space**

# COPY

**Business address and telephone number of IRS officer before whom you are to appear:**
IRS Criminal Investigation, 12301 Research Blvd., Suite 160, Austin, Texas 78759     Phone: (512) 464-3048

**Place and time for appearance at** 12301 Research Blvd., Suite 160, Austin, Texas 78759

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

on the ___2nd___ day of ___March___, 2012 at ___09___ o'clock ___a___ m.
Issued under authority of the Internal Revenue Code this __6th__ day of __February__, 2012
                                                              (year)                              (year)
_____(signature)_____                              Special Agent
Signature of issuing officer                                       Title

Form 2039 (Rev. 10-2010)      Signature of approving officer (If applicable)          Title
Catalog Number 21405J                                                                  JWK
                                                Part C — to be given to noticee

## CERTIFICATE OF SERVICE

The below signed attorney for Petitioner certifies that a copy of the forgoing Amended Petition to Quash Non Judicial I.R.S. Summons was delivered by mail and/or electronic means to:

Special Agent Randall Moody
Internal Revenue Service
12301 Research Blvd, Austin Texas 78759

Mikella Maugham, CPA
3355 Bee Cave Road, Suite 510 Austin, Texas 78746

Ms. Melissa Albright
Civil Process Clerk
Office of the United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216-5597

Eric Holder
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Date: 2-24-12

Ben Florey
Attorney for Petitioner